IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| PATRICIA A. DAVIDSON,　§<br>　　　Plaintiff,　§<br>v.　§<br>　§<br>CREDIT CONTROL, LLC.,　§<br>　　　Defendant.　§<br>　§<br>PATRICIA A. DAVIDSON,　§<br>　　　Plaintiff,　§<br>v.　§<br>　§<br>TEXAS CREDIT CORPORATION,　§<br>　　　Defendant.　§ | Civil Action No. 4:24-CV-523-P (BJ)<br><br><br><br><br><br>Civil Action No. 4:24-CV-524-P (BJ) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in these two cases are plaintiff Patricia A. Davidson's Motions for Leave to Proceed *In Forma Pauperis* (ECF No. 2), filed on June 5, 2024. These cases were referred to the undersigned pursuant to Special Order No. 3-251. ECF Nos. 3 or 4.

The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A.　NATURE OF THE CASE

This case is a new civil action.

B.　PARTIES

Patricia A. Davidson is the Plaintiff in each of these cases. In case number 4:24-CV-523-P (BJ) she has named as defendant Credit Control, LLC. In case number 4:24-CV-524-P (B), she has listed Texas Credit Corporation as the defendant. Compls. at 1.

C.     LEGAL ANALYSIS

Plaintiff accompanied each of her complaints with a motion to proceed in forma pauperis. ECF No. 2. Whether to permit or deny an applicant to proceed *in forma pauperis* (IFP) is within the sound discretion of the Court. 28 U.S.C. § 1915(a); *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Courts should make the determination of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

By an Order issued in both cases on June 10, 2024, the Court determined that Davidson had sufficient financial resources to pay the filing ($350) and administrative fee ($55) to file a civil action in district court. *See* 28 U.S.C. § 1914(a) and District Court Miscellaneous Fee Schedule, note 14. As a result, the Court directed that Plaintiff pay the required $405 filing and administrative fees to the Clerk of Court for each of these cases within **FOURTEEN** (14) days from June 10, 2024. The Court noted that if she failed to comply in either case, denial of leave to proceed *in forma pauperis* will be recommended, and the cases will be subject to dismissal without prejudice as provided by Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Because Plaintiff has failed to comply with orders to pay the applicable fees in each case, the cases are subject to dismissal for failure to comply with a Court order and for lack of prosecution under Federal Rule of Civil Procedure 41(b).

RECOMMENDATION

It is therefore **RECOMMENDED** that all of Plaintiff's claims in each of these cases should be **DISMISSED** for lack of prosecution, without prejudice to being refiled. *See* Fed. R. Civ. P. 41(b).

NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

It is further **ORDERED** that the above-styled and numbered action, previously referred to the undersigned for findings, conclusions, and recommendation, be and is hereby, **RETURNED** to the docket of the United States District Judge.

It is so **ORDERED** on June 26, 2024.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE